CASE 24—PETITION EQUITY—MARCH 15.

# Butler, &c v. Butler, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. CONSTRUCTION OF DEVISE—PER STIRPES DISTRIBUTION.—Where a testator devised to his two sons in trust for their children "equal interests" in a house and lot, the children of the sons took *per stirpes* and not *per capita*, as the gift of the "equal interests" was to the two sons, each holding his share in trust for his children.

2. SAME.—Upon the death of a child of one of the sons, one-half his share passed under the statute to his father and mother, and, the father having since died, the mother is entitled in fee to one-half of the interest which thus passed to her and the father, and is entitled to dower in the other half.

JAMES R. W. SMITH FOR APPELLANTS.

1. The grandchildren take *per capita*. (Purnell, &c., v. Culbertson, 12 Bush, 369; Brown's Ex'ors v. Brown's Devisees, 6 Bush, 648; Wells, &c., v. Newton, 4 Bush, 158; Howell v. Tyley, 91 N. C., 207; Losey v. Westbrook, 35 N. J. Eq., 116; Kimbrough v. Johnston, 15 Lea (Tenn.), 78; 5 Am. Probate Reports, 455; Huntress v. Place, 137 Mass., 409; Lea v. Lea 9 Barb., 172; 9 S. C. Eq., 459; S. C. Chancery, 152; Bacon's Abr.;348.)

2. The judgment is erroneous in that it makes no provision for the recovery by Elizabeth A. Butler of her undivided one-eleventh interest in the property which descended to her by the death of her two children.

BULLITT & SHEILD FOR APPELLEES.

The grandchildren take *per stirpes* and not *per capita*. (Raymond v. Hillhouse, 45 Conn., 467; Walker v. Griffin's Heirs, 11 Wheat., 375; Lockhart v. Lockhart, 3 Jones N. C. Eq., 207; Roome v. Counter, 1 Halst. R., 111; Bool v. Mix, 17 Wend., 119; Jackson v. Luguere, 5 Cow., 221; Kilgore v. Kilgore, 26 N. E. Rep., 56 Lackland v. Downey's Heirs, 11 B. M., 32; Luke v. Marshall, 5 J. J. Mar., 363.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Abby C. Butler, having in the first clause of her will devised certain of her property equally to her two sons, Rich-

ard and Joseph, by the second clause thereof provided as follows:

"Item second. I also give and bequeath to my said sons in trust (Richard and Joseph) for their children, equal interests in a house and lot in the city of Louisville, Kentucky, fronting on Chestnut street, between Seventeenth and Eighteenth streets, number 691."

Upon the death of the testatrix Richard had seven children and Joseph four children, and the question on this appeal is, Do the children take *per stirpes* or *per capita?* The chancellor decided that the two sons took the property equally, and each held one-half of it for his children; and this, we think, was the proper construction.

The sentence may be read thus: "I give to my sons, Richard and Joseph, equal interests in the house and lot in Louisville, in trust for their children." It seems to us manifest that the gift of the "equal interests" in the property is to the two sons, and that the clause when grammatically construed can mean nothing else. It does not matter that the ultimate beneficial owners are the children. That results from the use of the words "in trust" and "for their children." The language in itself imports a gift to the two sons in equal shares, to be held, however, by them in trust for their respective children. The words "in trust" and "for their children" are parenthetical clauses, and while they control the ultimate disposition of the property, the sentence may be intelligently read without them; thus, "I give and bequeath to my said sons, Richard and Joseph, equal interests in the property."

Then in putting in the parenthetical clauses, which do not affect the meaning of the words of the immediate grant, we ascertain that the ultimate beneficiaries are the children. The immediate grantees are the two sons, who take "equal

interests" in the property, but who hold their said interests respectively for their children.

In the disposition of her property in the first and fourth clauses of her will, the testatrix had manifested an intention to equalize her two sons, her only children, and so she intended, we may fairly assume, that the property which she placed in each son's control for his children should consist of equal proportions.

The judgment below therefore, so far as it affects the appellees, will not be disturbed.

It is insisted for the appellant, Elizabeth A. Butler, who is the widow of Richard, that the judgment in fixing the respective interests of her children in the half devised to them disregards her rights. It appears that after the death of the testatrix two of Richard's children died intestate and unmarried, and under the statute one moiety of the property of each passed to the father and mother. She, therefore, became entitled to one-fourteenth of the property in fee, and her husband Richard dying recently, she is entitled to dower in the one-fourteenth he had inherited from his sons. The judgment seems to deny her this interest in fee. This matter affects only the appellants, and as no issue was raised between them, we only determine her interest as it now appears from the record, and reverse the judgment only because the lower court might not otherwise have power to correct it if affirmed.

The costs of this appeal are to go in all respects as if the judgment were affirmed.

Reversed for proceedings consistent herewith.